# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TOMMY J. KIMBALL**                                                   **PLAINTIFF**
**ADC# 164543**

**V.**                   **NO. 4:21-cv-00348-LPR-ERE**

**MONA REAP and**
**JUSTICE MOTTON**                                                 **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommendation for the dismissal of Mr. Kimball's claims has been sent to United States District Judge Lee P. Rudofsky. The parties may file objections with the Clerk of Court if they disagree with the findings or conclusion set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If the parties do not file objections, they risk waiving the right to appeal questions of fact. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**II.**    **Discussion:**

Plaintiff Tommy J. Kimball, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2.* Mr. Kimball alleges

that Defendants Mona Reap and Justice Motton were deliberately indifferent to his safety when they failed to protect him from an inmate attack on November 7, 2020.[1]

Pending before the Court is Defendants' motion for summary judgment arguing that Mr. Kimball failed to fully exhaust his administrative remedies before he filed this lawsuit. *Docs. 37, 38, 39*. Mr. Kimball has not responded to Defendants' motion, and the time for doing so has passed. *Doc. 40*.

For the reasons stated below, the Court recommends that Defendants' motion for summary judgment be GRANTED.

## III. Discussion:

### A. The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted *before* filing a civil lawsuit under 42 U.S.C. § 1983.[2] See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper

---

[1] The Court previously dismissed Mr. Kimball's claims against Andrea Culclager, Jeremy Andrews, Clyde Daniels, Kenneth Starks, Isaac Wade, and Curry Branham. *Doc. 11*.

[2] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

### B. The ADC's Exhaustion Policy

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 37-1*. The written policy advises inmates that they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver *within fifteen calendar days of the incident*; (2) a "Step Two" formal unit-level grievance raising that claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. *Id. at 6-14* (emphasis added). The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejection of an appeal. *Id. at 13-14*.

Thus, to properly exhaust his administrative remedies with respect to his failure to protect claim against Defendants, Mr. Kimball was required to present the claim in a timely filed grievance and appeal it through all three steps of the ADC's grievance process.

### C. Grievance CU-21-246

To support their motion, Defendants submit the declaration of Terri Brown, the ADC Inmate Grievance Supervisor. *Doc. 37-2*. Ms. Brown states that, on February 14, 2021, Mr. Kimball filed one grievance related to the claims raised in this lawsuit, CU-21-246. *Id at 4, 7*. In that grievance, Mr. Kimball describes the events that took place on November 7, 2020, and specifically identifies both Defendants Reap and Motton. *Id*.

On February 25, 2021, ADC Inmate Grievance Coordinator Connie Cook rejected Mr. Kimball's grievance as untimely pursuant to the ADC inmate grievance procedure. *Id. at 5*. Mr. Kimball appealed Ms. Cook's decision to the ADC Director. *Id*. On April 1, 2021, the ADC Director found Mr. Kimball's grievance untimely and did not address the merits of the appeal. *Id. at 6*.

Ms. Brown concludes that Mr. Kimball failed to fully exhaust his claims against Defendants. *Id.* The Court agrees. The evidence before the Court shows that Mr. Kimball filed CU-21-246 more than three months after the inmate attack at issue

4

in this lawsuit, well after the 15-day time limit for doing so under the ADC's grievance policy.

Mr. Kimball has failed to present any evidence that he fully exhausted his claims against Defendants Reap or Motton; nor has he presented any evidence that he was prevented from doing so. Thus, he has failed to create a genuine issue of material fact regarding his failure to exhaust his administrative remedies. See *Porter v. Sturm*, 781 F.3d 448, 451-52 (8th Cir. 2015) (finding incomplete exhaustion when a prisoner failed to "pursue the . . . grievance process to its final stage").

## IV.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.   Defendants' motion for summary judgment (*Doc. 37*) be GRANTED and judgment be entered in favor of Defendants.[3]

2.   The Clerk be instructed to close this case.

Dated this 26th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The effect of this ruling is that Plaintiff Tommy J. Kimball's failure to protect claims asserted against Defendants Reap and Motton will be dismissed, without prejudice, for failure to exhaust administrative remedies. *Porter v. Sturm*, 781 F.3d 448, 452–53 (8th Cir. 2015) (finding dismissal without prejudice mandatory where inmate failed to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a)).